**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE:

**THOMAS G. BURROUGHS**
**MICHAEL W. HILE**
Katz & Korin, PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DON MORRIS, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 32A04-1306-PL-321 |
| | ) | |
| BIOSAFE ENGINEERING, LLC, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-1208-PL-91

**May 8, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Don Morris appeals the trial court's entry of summary judgment for BioSafe Engineering, Inc. ("BioSafe"). Morris raises a single issue for our review, namely, whether the trial court erred when it entered summary judgment for BioSafe.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts underlying this appeal were stated by this court in a prior appeal:

The facts most favorable to Morris and [Randy] Coakes,[1] the non-movants for summary judgment, are as follows. In 2006, Morris was employed by Waste Recovery, which provided biological effluent destruction systems products[, that is, products used in the management of animal carcasses]. When it became apparent that the company was insolvent, Morris approached [Richard] Redpath in regard to forming a new company to "take control of the niche industry." On November 15, 2006, Waste Recovery ceased doing business; Morris paid a rent installment and agreed to execute a five-year lease for the premises previously occupied by Waste Recovery. He initiated remodeling of the premises and began to investigate financing.

Later in November, [Brad] Crain, Coakes, Redpath, and Morris conducted a conference call regarding the new business. Morris and Coakes drafted a spreadsheet of proposed ownership shares (45% to Morris, as President, 25% and 20% to Crain and Redpath, respectively, as Vice-Presidents, and 2% each to Coakes, [Steven] Biesecker, [Tyler] Johnson, [Brandon] Ross, and [Chris] Sollars). After negotiation, the shares allocation was changed to 40% for Morris, 30% for Crain, and 20% for Redpath (with the others retaining 2% each).

Marketing materials were distributed indicating that Redpath, Morris, and Crain were "principals" of BioSafe. Nonetheless, in January of 2007, Articles of Organization for BioSafe were filed with the Indiana Secretary of State, indicating that Crain and Redpath were the sole members, each having 50% ownership.

---

[1] Although Coakes is a named plaintiff, he does not participate in the instant appeal.

2

In August of 2007, Crain advised Morris that a building in Brownsburg had been leased in anticipation of acquiring Waste Recovery assets. The following month, Morris asked Crain about signing to purchase Waste Recovery assets, and was told that Crain and Redpath had been representing that they were each 50/50 owners. Later that month, BioSafe successfully bid for the assets of Waste Recovery. Redpath advised Morris that new investors now owned 50% of BioSafe.

The new owners of record were Justin Bisland ("Bisland") and LPM Investments, LLC. In October of 2007, Bisland came into the BioSafe offices and fired Morris. Morris was unable to locate the electronic document he had drafted with regard to shared ownership; he reached the conclusion that it had been deleted from the company files.

On March 5, 2010, Morris and Coakes filed their complaint. An amended complaint asserted that Morris and Coakes had equitable interests and contractual rights in BioSafe and that they had standing to bring a shareholder derivative action. They sought the appointment of a receiver, an accounting and disgorgement of funds, and BioSafe's dissolution. The defendants answered, denying that Redpath and Crain had created a false document, made false representations, brought about the plaintiff's ouster, diverted funds, or met with Morris to discuss ownership participation. The defendants also denied that Morris and Coakes held an equitable interest, or that they had standing to bring a shareholder derivative claim.

On February 8, 2011, the majority of the defendants[, including BioSafe,] moved for summary judgment; Crain and Redpath subsequently joined in the motion. The parties made their respective designations of materials. The trial court conducted a hearing on July 26, 2011, at which argument of counsel was heard. BioSafe's counsel argued that the shareholder derivative claims were unfounded or, at a minimum, were premature, and that the case distilled to "a case of an oral contract at best between Mr. Crain and Mr. Redpath and Mr. Morris and Mr. Coakes . . . of dubious merit." Counsel for Crain and Redpath argued that there had, at most, been discussion about a business yet to be formed, "an offer that was never accepted."

On the following day, the trial court issued an order dismissing [some] defendants . . . and ordering the remaining parties to submit documents:

> 1. Plaintiffs, within ten (10) days, must file with the Court a document stating with specificity the legal theories the Plaintiffs assert against the Defendants.

3

2. Within ten (10) days thereafter, the Defendants must file a document stating with specificity the legal elements of the Plaintiffs theories that the Defendants assert have not been met.

On August 8, 2011, Morris and Coakes submitted a document indicating that their theories of recovery were breach of contract, unjust enrichment, and estoppel. Crain and Redpath jointly, and BioSafe separately, submitted "statements of elements not met by plaintiffs."

On August 19, 2011, the trial court granted summary judgment to all defendants in an order providing in pertinent part:

Plaintiff[s'] theory is in contract. The Defendant[s'] Statement of Elements Not Met of Defendants BioSafe Engineering LLC, Steve Biesecker, Tyler Johnson, Brandon Ross and Chris Sollars correctly sets out the current state in the law regarding Plaintiffs['] complaint.

Based upon application of the law to the facts of this case at this pleading stage, the court must GRANT the Defendant[s'] Motion for Summary Judgment for the reasons set out in the Statement of Elements Not Met filed 8-16-11 and enters Summary Judgment on behalf of the Defendants and against the Plaintiffs. There is no reason for any delay in this Order.

This appeal ensued.

Morris v. Crain, 969 N.E.2d 119, 121-23 (Ind. Ct. App. 2012) (footnotes and citations to the record omitted) ("Morris I").

In a footnote, we clarified the plaintiffs' claims in light of the events following the summary judgment hearing:

The Amended Complaint sought a declaratory judgment regarding ownership of BioSafe as well as the appointment of a receiver and an accounting of funds. The averments of the Amended Complaint included allegations of fraud; additionally, the Plaintiffs contended "this case is also brought as a derivative action to establish, fix, and determine the rights of the LLC for recoupment from Brad Crain and Richard Redpath and disgorgement by Defendants to the LLC of any benefits, property, or funds

4

received improperly." However, after the summary judgment hearing, the trial court ordered the plaintiffs to clarify, in writing, the causes of action upon which they were proceeding. The plaintiffs responded that their theories of recovery were breach of contract, unjust enrichment, and estoppel.

Id. at 120 n.2 (citations to the record omitted). And, in another footnote, we declared that the plaintiffs' "shareholder derivative claim" had been "abandoned." Id. at 121 n.3.

In Morris I, we reversed the trial court's entry of summary judgment on the ground that the judgment had been "improvidently granted." Id. at 125. In particular, we noted that, one day after the summary judgment hearing, the court had ordered Morris and Coakes to clarify their causes of action in writing within ten days. They did so by counsel, limiting their theories of recovery to "breach of contract, unjust enrichment[,] and equitable estoppel." Id. at 123; see Appellee's App. at 124-25. Following the plaintiffs' clarification, "[t]he trial court ordered the defendants to identify how the plaintiffs had failed to meet the elements of the specified claims." Morris I, 969 N.E.2d at 124. We rejected the procedure employed by the trial court:

> This effectively challenged the plaintiffs to establish each of their claims in order to withstand summary judgment. Indeed, as there had been no trial of issues, the documents purporting to "state elements not met" necessarily assumed that all factual disputes had been resolved in the defendants' favor. The focus upon the plaintiff[s'] purported failure to establish a claim is not consistent with our summary judgment standard.

Id. (footnotes omitted). Accordingly, we reversed the court's entry of summary judgment.

Following this court's decision in Morris I, on March 27, 2013, BioSafe filed a second motion for summary judgment against Morris and Coakes. In particular, BioSafe moved for summary judgment on "each of the three (3) claims asserted by the Plaintiffs,"

5

namely, "breach of contract, unjust enrichment[,] and equitable estoppel[.]" Appellant's

App. at 8. In response, Morris and Coakes merely stated that their claims against BioSafe

included an action for declaratory judgment, a shareholder derivative action, and a

demand for an accounting. See Appellant's App. at 138. But Morris and Coakes made

no mention of their August 8, 2011, representation to the trial court that they were only

pursuing theories of breach of contract, unjust enrichment, and equitable estoppel against

BioSafe. After a hearing, on May 29 the court entered summary judgment for BioSafe

"on each of the Plaintiffs' three (3) claims." Id. at 181. On September 24, the court

entered a nunc pro tunc order in which the court clarified that its May 29 entry of

summary judgment was a final judgment for BioSafe. This appeal ensued.

## DISCUSSION AND DECISION

Morris appeals the trial court's entry of summary judgment for BioSafe. Our

standard of review for summary judgment appeals is well established:

> When reviewing a grant of summary judgment, our standard of review is
> the same as that of the trial court. Considering only those facts that the
> parties designated to the trial court, we must determine whether there is a
> "genuine issue as to any material fact" and whether "the moving party is
> entitled to a judgment a matter of law." In answering these questions, the
> reviewing court construes all factual inferences in the non-moving party's
> favor and resolves all doubts as to the existence of a material issue against
> the moving party. The moving party bears the burden of making a prima
> facie showing that there are no genuine issues of material fact and that the
> movant is entitled to judgment as a matter of law; and once the movant
> satisfies the burden, the burden then shifts to the non-moving party to
> designate and produce evidence of facts showing the existence of a genuine
> issue of material fact.

Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1269-70 (Ind. 2009)

(citations omitted). The party appealing from a summary judgment decision has the

6

burden of persuading this court that the grant or denial of summary judgment was erroneous. Knoebel v. Clark Cnty. Superior Ct. No. 1, 901 N.E.2d 529, 531-32 (Ind. Ct. App. 2009).

The only clear legal argument that Morris proffers on appeal is that summary judgment for BioSafe was inappropriate with respect to Morris' shareholder derivative claim.[2] See Appellant's Br. at 8-19. BioSafe asserts in response that Morris cannot argue this theory of liability because he has abandoned it. In his Reply Brief, Morris asserts that this claim is "clearly set out in the Complaint and the Amended Complaint" and that it was "always before" the trial court. Reply Br. at 2.

To "abandon" a claim means "to cease to assert or exercise an interest, right, or title" to it, especially "with the intent of never again resuming or reasserting it." Webster's 3d New Int'l Dictionary 2 (2002). An attorney can make an admission to a trial court that is binding upon his client. Heyser v. Noble Roman's, Inc., 933 N.E.2d 16, 19 (Ind. Ct. App. 2010), trans. denied. And such a binding admission may include the abandonment of a claim. In Heyser, the trial court asked the plaintiffs' counsel to clarify whether the plaintiffs were claiming actual fraud or constructive fraud against a defendant, and the plaintiffs' counsel admitted that the plaintiffs were claiming actual

---

[2] Morris also makes a passing reference to his claim for a declaratory judgment, see Appellant's Br. at 9, and he emphasizes some factual disputes in the record. But, insofar as Morris desired to make any legal argument on appeal aside from his shareholder derivative claim, Morris has not supported such arguments with cogent reasoning or citation to authority, and it is not this court's place to make arguments for Morris. As such, any other possible legal arguments—including any possible arguments relating to claims against BioSafe for breach of contract, unjust enrichment, or equitable estoppel—are waived. Ind. Appellate Rule 46(A)(8)(a). Further, Morris' insistence on certain factual disputes is not by itself enough to preclude the entry of summary judgment. An issue of fact will preclude the entry of summary judgment only if it is a genuine issue of material fact. Ind. Trial Rule 56(C). As explained below, Morris' only legal issues against BioSafe were for breach of contract, unjust enrichment, and equitable estoppel. Because Morris does not cogently defend any of those legal theories on appeal, there are no genuine issues of material fact to preclude the entry of summary judgment for BioSafe.

7

fraud only. We held that this admission "was binding upon the [plaintiffs] throughout the lawsuit," and we affirmed the trial court's entry of summary judgment against the plaintiffs on their "subsequent attempt to plead constructive fraud." Id. at 20.

Similarly, in American Savings, FSB v. Tokarski, 959 N.E.2d 909, 915 (Ind. Ct. App. 2011), trans. denied, the trial court questioned the plaintiff's attorney as to whether one of the plaintiff's claims against the defendant was based in tort or in contract. The plaintiff's attorney expressly stated that the claim was based in contract and not in tort, and the court entered summary judgment for the defendant on any theories of tort within that claim. The plaintiff appealed that aspect of the trial court's summary judgment, and we affirmed, stating:

> An attorney can make an admission to a trial court that is binding upon his client. A statement which contains ambiguities or doubt is not to be regarded as a binding admission. The unambiguous statements by [plaintiff's] counsel constituted a binding admission that Count I does not state a claim for conversion, failure to exercise ordinary care, or any other tort. We therefore conclude that [plaintiff] has abandoned any tort claims in Count I. Further, because [plaintiff] abandoned these claims altogether and not merely for the purposes of his summary judgment motion, we need not address whether [the defendant] has established that it is not liable for conversion or failure to exercise ordinary care for the purposes of its own summary judgment motion.

Id. (citations and footnote omitted).[3]

Based on the record in the instant appeal, we must conclude that Morris unambiguously abandoned his shareholder derivative claim against BioSafe. Here, similar to Heyser and American Savings, the trial court asked Morris, by counsel, to "file with the Court a document stating with specificity the legal theories the Plaintiffs assert

---

[3] Although BioSafe expressly relies on American Savings in its brief on appeal, Morris does not discuss it in his Reply Brief.

against the Defendants." Appellee's App. at 123. Morris did so on August 8, 2011, when he informed the trial court that his specific legal theories against the defendants, including BioSafe, were breach of contract, unjust enrichment, and equitable estoppel. Id. at 124-25. As we noted in Morris I, Morris' submission to the trial court limited his causes of action to those three claims. 969 N.E.2d at 120 n.2. Indeed, we expressly stated that Morris' "shareholder derivative claim" had been "abandoned" in light of his written response to the trial court's request. Id. at 121 n.3.

Morris did not petition this court for rehearing in Morris I on the ground that those statements were incorrect. Further, BioSafe relied on Morris' abandonment of his shareholder derivative claim when it filed its March 27, 2013, motion for summary judgment, which BioSafe expressly limited to "each of the three (3) claims asserted by the Plaintiffs . . . for breach of contract, unjust enrichment[,] and equitable estoppel[.]" Appellant's App. at 8. Morris did not respond to BioSafe's motion by asserting that BioSafe, this court in Morris I, or the trial court in the first summary judgment proceeding had erroneously restricted his theories of liability. Neither did Morris respond to BioSafe's March 27, 2013, motion by asserting that he had not abandoned his shareholder derivative claim.[4] Rather, Morris merely stated that his claims in the amended complaint included a claim for a shareholder derivative action and he proceeded

---

[4] Morris does not make this argument in his initial brief on appeal and it is, therefore, waived. App. R. 46(A)(8)(a). Even if he had made this argument, it is well settled that "[i]ssues not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are waived." Dunaway v. Allstate Ins. Co., 813 N.E.2d 376, 387 (Ind. Ct. App. 2004). And insofar as Morris may have attempted to raise this argument in his Reply Brief, he does not do so cogently, and, regardless, "[t]he law is well settled that grounds for error may only be framed in an appellant's initial brief and[,] if addressed for the first time in the reply brief, they are waived." Monroe Guar. Ins. Co. v. Magwerks Corp., 829 N.E.2d 968, 977 (Ind. 2005).

to describe designated evidence in support of that claim. <u>Id.</u> at 138. Of course, merely asserting a claim that has been abandoned will not salvage it. <u>See, e.g.</u>, <u>American Savings</u>, 959 N.E.2d at 915; <u>Heyser</u>, 933 N.E.2d at 19.

Further, contrary to Morris' argument in his Reply Brief, our holding in <u>Morris I</u> did not "nulli[f]y" Morris' August 8, 2011, admission to the trial court that he was no longer pursuing his claim for declaratory judgment, his derivative action, or his demand for an accounting. <u>See</u> Reply Br. at 2. Although we reversed the court's entry of summary judgment in <u>Morris I</u>, we nonetheless made it a point to explain Morris' admission, which we used to frame our discussion of the legal issues that remained for summary judgment. <u>See Morris I</u>, 969 N.E.2d at 121-22 nn.2, 3. And we did not hold that the trial court improperly ordered Morris to specify his legal claims. Indeed, such an order was well within the trial court's discretion, <u>see, e.g.</u>, <u>American Savings</u>, 959 N.E.2d at 915; <u>Heyser</u>, 933 N.E.2d at 19, and Morris has never asserted that the trial court's order was erroneous in this respect. Rather, our holding was that the court's additional order that the defendants "identify how the plaintiffs had failed to meet the elements of [their] specified claims" improperly shifted the burden on summary judgment from the movant to the nonmovant. <u>Morris I</u>, 969 N.E.2d at 124. Our holding in <u>Morris I</u> did not affect Morris' admission.

In sum, Morris expressly and unambiguously abandoned his shareholder derivative claim in August of 2011 when, in response to the trial court's demand that he specify his legal claims, Morris admitted to the court that his claims were for breach of contract, unjust enrichment, and equitable estoppel. This court acknowledged Morris'

10

abandonment of his shareholder derivative claim in Morris I, and nothing in our prior opinion nullified Morris' express admission to the trial court. Both the trial court and BioSafe relied on and had the right to rely on Morris' admission. See American Savings, 959 N.E.2d at 915; see also Maldonado ex rel. Maldonado v. Gill, 502 N.E.2d 1371, 1372 (Ind. Ct. App. 1987) (recognizing that a party's admission "relieves the opposing party of the duty to present evidence on that issue"), trans. denied. Morris was, therefore, estopped from asserting a claim he had abandoned. Thus, Morris' exclusive theory on appeal—that the trial court erred when it entered summary judgment because he has a legitimate shareholder derivative claim against BioSafe—is not grounds to deny BioSafe's motion for summary judgment. See American Savings, 959 N.E.2d at 915; Heyser, 933 N.E.2d at 19. We affirm the trial court's entry of summary judgment for BioSafe.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.