FILED

Mar 07 2017, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANTS

James E. Ayers
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEES

Sean M. Clapp
Ian T. Keeler
Clapp Ferrucci
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Don Morris and Randy Coakes, *Appellants-Plaintiffs,* v. Brad Crain and Richard Redpath, *Appellees-Defendants* | March 7, 2017 Court of Appeals Case No. 32A05-1604-PL-761 Appeal from the Hendricks Superior Court The Honorable Mark A. Smith, Judge Trial Court Cause No. 32D04-1208-PL-91 |

**Crone, Judge.**

## Case Summary

Don Morris and Randy Coakes (collectively "Plaintiffs") appeal the trial court's entry of summary judgment in favor of Brad Crain and Richard Redpath ("Crain").[1] The sole restated issue presented for our review is whether the trial court erred when it entered summary judgment for Crain. Concluding that genuine issues of material fact remain for trial, we reverse and remand for further proceedings.

## Facts and Procedural History

This is essentially the third appeal surrounding an alleged business relationship that existed among these parties. In one of those prior appeals, this Court set out the relevant underlying facts and procedural history.

> The facts most favorable to [Plaintiffs], the non-movants for summary judgment, are as follows. In 2006, Morris was employed by Waste Recovery, which provided biological effluent destruction systems products. When it became apparent that the company was insolvent, Morris approached Redpath in regard to forming a new company to "take control of the niche industry." On November 15, 2006, Waste Recovery ceased doing business; Morris paid a rent installment and agreed to execute a five-year lease for the premises previously occupied by Waste Recovery. He initiated remodeling of the premises and began to investigate financing.

---

[1] The record indicates that Richard Redpath passed away on May 22, 2015. Crain's attorneys state that they do not represent Redpath's heirs or estate and that Plaintiffs have taken no steps to substitute Redpath's estate or heirs as a defendant in this case. Accordingly, Crain is the sole appellee here.

Later in November, Crain, Coakes, Redpath, and Morris conducted a conference call regarding the new business. Morris and Coakes drafted a spreadsheet of proposed ownership shares (45% to Morris, as President, 25% and 20% to Crain and Redpath, respectively, as Vice-Presidents, and 2% each to Coakes, Biesecker, Johnson, Ross, and Sollars). After negotiation, the shares allocation was changed to 40% for Morris, 30% for Crain, and 20% for Redpath (with the others retaining 2% each).

Marketing materials were distributed indicating that Redpath, Morris, and Crain were "principals" of BioSafe. Nonetheless, in January of 2007, Articles of Organization for BioSafe were filed with the Indiana Secretary of State, indicating that Crain and Redpath were the sole members, each having 50% ownership.

In August of 2007, Crain advised Morris that a building in Brownsburg had been leased in anticipation of acquiring Waste Recovery assets. The following month, Morris asked Crain about signing to purchase Waste Recovery assets, and was told that Crain and Redpath had been representing that they were each 50/50 owners. Later that month, BioSafe successfully bid for the assets of Waste Recovery. Redpath advised Morris that new investors now owned 50% of BioSafe.

The new owners of record were Justin Bisland ("Bisland") and LPM Investments, LLC. In October of 2007, Bisland came into the BioSafe offices and fired Morris. Morris was unable to locate the electronic document he had drafted with regard to shared ownership; he reached the conclusion that it had been deleted from the company files.

On March 5, 2010, Morris and Coakes filed their complaint. An amended complaint asserted that Morris and Coakes had equitable interests and contractual rights in BioSafe and that they

had standing to bring a shareholder derivative action. They sought the appointment of a receiver, an accounting and disgorgement of funds, and BioSafe's dissolution. The defendants answered, denying that Redpath and Crain had created a false document, made false representations, brought about the plaintiff's ouster, diverted funds, or met with Morris to discuss ownership participation. The defendants also denied that Morris and Coakes held an equitable interest, or that they had standing to bring a shareholder derivative claim.

On February 8, 2011, the majority of the defendants moved for summary judgment; Crain and Redpath subsequently joined in the motion. The parties made their respective designations of materials. The trial court conducted a hearing on July 26, 2011, at which argument of counsel was heard. BioSafe's counsel argued that the shareholder derivative claims were unfounded or, at a minimum, were premature, and that the case distilled to "a case of an oral contract at best between Mr. Crain and Mr. Redpath and Mr. Morris and Mr. Coakes … of dubious merit." Counsel for Crain and Redpath argued that there had, at most, been discussion about a business yet to be formed, "an offer that was never accepted."

On the following day, the trial court issued an order dismissing defendants Biesecker, Johnson, Ross, and Sollars and ordering the remaining parties to submit documents:

1. Plaintiffs, within ten (10) days, must file with the Court a document stating with specificity the legal theories the Plaintiffs assert against the Defendants.

2. Within ten (10) days thereafter, the Defendants must file a document stating with specificity the legal elements of the Plaintiffs theories that the Defendants assert have not been met.

On August 8, 2011, Morris and Coakes submitted a document indicating that their theories of recovery were breach of contract, unjust enrichment, and estoppel. Crain and Redpath jointly, and BioSafe separately, submitted "statements of elements not met by plaintiffs."

On August 19, 2011, the trial court granted summary judgment to all defendants in an order providing in pertinent part:

Plaintiff's theory is in contract. The Defendant's [sic] Statement of Elements Not Met of Defendants BioSafe Engineering LLC, [Biesecker, Johnson, Ross and Sollars] correctly sets out the current state in [sic] the law regarding Plaintiffs['] complaint.

Based upon application of the law to the facts of this case at this pleading stage, the court must GRANT the Defendant's [sic] Motion for Summary Judgment for the reasons set out in the Statement of Elements Not Met filed 8-16-11 and enters Summary Judgment on behalf of the Defendants and against the Plaintiffs. There is no reason for any delay in this Order.

*Morris v. Crain*, 969 N.E.2d 119, 122-23 (Ind. Ct. App. 2012) (footnotes and citations to record omitted) ("*Morris 1*").

[3] On appeal in *Morris 1*, we reversed the trial court's entry of summary judgment in favor of Crain on the ground that the judgment had been "improvidently granted." *Id.* at 125. In particular, we noted that, one day after the summary judgment hearing, the court had ordered Plaintiffs to clarify their causes of action in writing within ten days. They did so by counsel, limiting their theories of recovery to "breach of contract, unjust enrichment[,] and equitable estoppel." *Id.* at 123. Following that clarification, "[t]he trial court ordered the

defendants to identify how the plaintiffs had failed to meet the elements of the specified claims." *Id*. at 124. We rejected this procedure employed by the trial court, specifically concluding:

> This effectively challenged [Plaintiffs] to establish each of their claims in order to withstand summary judgment. Indeed, as there had been no trial of issues, the documents purporting to "state elements not met" necessarily assumed that all factual disputes had been resolved in the defendants' favor. The focus upon [Plaintiffs'] purported failure to establish a claim is not consistent with our summary judgment standard.

*Id*. (footnotes omitted). Thus, we reversed the entry of summary judgment in favor of Crain. *Id*.

[4] Thereafter, BioSafe filed a second motion for summary judgment against Plaintiffs on "'each of the three (3) claims asserted by the Plaintiffs,' namely, 'breach of contract, unjust enrichment[,] and equitable estoppel[.]'" *Morris v. BioSafe Eng'g, Inc.*, 9 N.E.3d 195, 198-99 (Ind. Ct. App. 2014) (citations omitted) ("*Morris 2*"), *trans. denied*. Plaintiffs responded by stating that their claims against BioSafe included an action for declaratory judgment, a shareholder derivative action, and a demand for an accounting. They made no mention of their previous representation to the trial court that they were only pursuing theories of breach of contract, unjust enrichment, and equitable estoppel against all defendants, including BioSafe. Following a hearing, the trial court entered summary judgment for BioSafe "'on each of the Plaintiffs'

three (3) claims'" and later clarified by order that its entry of summary judgment was a final judgment for BioSafe. *Id.* at 199.

[5] Morris appealed,[2] and in *Morris 2*, we affirmed the trial court's entry of summary judgment in favor of BioSafe. Specifically, we noted that "[t]he only clear legal argument that Morris proffers on appeal is that summary judgment for BioSafe was inappropriate with respect to Morris' shareholder derivative claim." *Id.*[3] Concluding that Morris expressly and unambiguously abandoned his shareholder derivative claim when he admitted to the trial court that his only claims were for breach of contract, unjust enrichment, and equitable estoppel, we determined that Morris was estopped from asserting that claim as grounds to deny summary judgment in favor of BioSafe. *Id.* at 201.

[6] Following this Court's decision in *Morris 2*, Crain filed a motion for summary judgment on Plaintiffs' claims for breach of contract, unjust enrichment, and equitable estoppel. In the motion, Crain assumed, arguendo, that Plaintiffs can prove that the parties had a contract and that the contract was breached by Crain. Crain's sole argument for purposes of summary judgment was that Plaintiffs have suffered no damages relating to any of those three claims.

[7] In response, Plaintiffs filed a second amended complaint raising additional claims for conversion, breach of fiduciary duty, and interference with a business

---

[2] Coakes did not participate in the appeal.

[3] Because Morris failed to present cogent argument regarding the trial court's entry of summary judgment on any other legal theory, we concluded that those arguments were waived. *See Morris 2*, 9 N.E.3d at 199 n.2.

relationship. Crain filed a motion to strike the amended complaint, but the trial court denied that motion. Accordingly, Crain filed a renewed motion for summary judgment and designation of evidence on all of Plaintiffs' claims again arguing that Plaintiffs had suffered no damages. Plaintiffs responded by designating two affidavits from Morris in opposition to summary judgment. Crain filed his reply and a motion to strike certain portions of the affidavits.

[8] The trial court held a hearing on Crain's summary judgment motion and his motion to strike on February 24, 2016. On March 7, 2016, the trial court entered an order granting summary judgment in favor of Crain and an order striking certain portions of Plaintiffs' affidavits. The trial court subsequently corrected a clerical mistake upon motion by Crain, and entered its final summary judgment order on April 5, 2016. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court abused its discretion in striking certain portions of Plaintiffs' designated evidence.

[9] Before addressing the propriety of the trial court's entry of summary judgment, we must first address Plaintiffs' assertion that the trial court abused its discretion in granting Crain's motion to strike certain portions of Morris's affidavits designated by Plaintiffs in opposition to summary judgment. Indiana Trial Rule 56(E) requires that supporting and opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify

to the matters stated therein." The requirements of Trial Rule 56(E) are mandatory and a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. *Guzik v. Town of St. John*, 875 N.E.2d 258, 265 (Ind. Ct. App. 2007), *trans. denied* (2008). A trial court has broad discretion in ruling on the admissibility of evidence. *Price v. Freeland*, 832 N.E.2d 1036, 1040 (Ind. Ct. App. 2005). "This discretion extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules." *Id.* "We will determine that a trial court has abused its discretion when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Williamson v. U.S. Bank Nat'l Ass'n*, 55 N.E.3d 906, 911 (Ind. Ct. App. 2016).

[10] Here, one of Morris's affidavits designated in opposition to summary judgment contains the transcript of a tape-recorded conversation between Morris and Crain that took place in October 2007 in which they discussed the parties' agreement to form the new business and in which they debated the current and prospective value of the business. Crain moved to strike a substantial portion of the affidavit on hearsay, relevancy, and best evidence grounds, and the trial court granted the motion. We think that the trial court abused its discretion in doing so. Although the trial court struck the entire portion of the affidavit consisting of the transcribed conversation between Morris and Crain, for purposes of this appeal and our subsequent discussion in section 2 of this opinion, we are concerned primarily with the following statement made by

Crain: "Right now, the company is worth about 6 million. That's the way I look at it." Appellants' App. at 72. [4]

[11] First, Crain argues that this statement is inadmissible hearsay because it is an out-of-court statement made by Crain. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," *see* Ind. Evidence Rule 801(c), and it is generally not admissible. Ind. Evidence Rule 802. However, a statement is not hearsay if it is a statement made by an opposing party that is offered into evidence against him. Ind. Evidence Rule 801(d)(2)(A). While Crain's out-of-court statement would ordinarily be hearsay, it constitutes a statement by an opposing party and is therefore not hearsay.

[12] Next, we address whether the statement is relevant. Relevant evidence is defined as evidence having any tendency to make the existence of any pertinent fact more probable or less probable than it would be without the evidence. Ind.

---

[4] We believe that the entire transcribed conversation contained in Morris's affidavit is admissible and should not have been stricken by the trial court. However, because Crain has narrowed the issue on appeal solely to damages, we specifically address only one statement of material fact which is pertinent to our resolution. Even though we address that single statement, we reject Crain's assertion that Plaintiffs were required to specifically designate that one sentence to the trial court as creating a material issue of fact, and that their designation of the affidavit containing the entire transcribed conversation violated the specificity requirements of Indiana Trial Rule 56(C). *See Angel v. Powelson*, 977 N.E.2d 434, 443 (Ind. Ct. App. 2012) (a party should designate materials with "sufficient specificity to identify the relevant portions of a document."). This Court has explained that designating documents, such as affidavits, in their entirety may be necessary and appropriate on summary judgment. *Id.* at 443-44. The affidavit at issue here contains ample relevant information that puts the business relationship among the parties into context, and it is neither overly long nor complex. Accordingly, the designation of it in its entirety was necessary and sufficiently specific to inform the trial court of the material upon which Plaintiffs relied in opposition to summary judgment. For that same reason, we reject Crain's argument that Plaintiffs have waived our consideration of the statement upon appellate review of the trial court's entry of summary judgment.

Evidence Rule 401. To determine whether evidence concerns a material fact, we look to the nature of the case and the issues being litigated, which are usually set out in the pleadings. *State Farm Mut. Auto. Ins. Co. v. Earl*, 33 N.E.3d 337, 341 (Ind. 2015) (citing MCCORMICK ON EVIDENCE § 185 (7th ed. 2013)). Crain argues that the statement is irrelevant and does not have a tendency to make the existence of pertinent facts more probable or less probable than it would be without the statement. Crain's statement concerns the value of the business shortly after he allegedly deprived the Plaintiffs of their ownership interests. As we will discuss more fully below, this statement is relevant to the damages Plaintiffs allegedly suffered as a result of Crain's actions, an issue that is squarely before us on summary judgment. The statement is relevant.

[13] Finally, Crain maintains that the statement, which is part of a larger transcribed recorded conversation, violates the best evidence rule. The best evidence rule requires that the original writing, recording, or photograph be produced to prove the content of such unless otherwise provided by the rules or by statute. Ind. Evidence Rule 1002. Specifically, Crain argues that the actual tape recording of the conversation should have been produced at the summary judgment hearing rather than Morris's affidavit which includes a transcription of the conversation. Our supreme court has explained that the purpose of the best evidence rule "is to assure that the trier of the facts has submitted to it the evidence upon any issue that will best enable it to arrive at the truth." *Crosson v. State*, 268 Ind. 511, 518, 376 N.E.2d 1136, 1141 (1978).

Our review of the summary judgment proceedings reveals that the purpose of the rule was met here. The record indicates that the actual tape recording had been given to Crain and also had been "utilized in earlier proceedings" before the trial court. Tr. at 9, 14. Crain makes no specific challenge regarding the accuracy of the transcription, nor does he claim that he did not make the relevant statement. An effective best evidence objection "must identify an actual dispute over the accuracy of the secondary evidence." *Lopez v. State*, 527 N.E.2d 1119, 1125 (Ind. 1988). Moreover, Morris, having been a party to the conversation with Crain, has personal knowledge of the facts and would be permitted to testify regarding the contents of his conversation with Crain. *See id*. at 1125 (best evidence rule will not bar a witness's testimony relating the contents of a recorded conversation). Under the circumstances, we decline Crain's invitation to strike the statement on best evidence grounds. The statement is admissible, and the trial court abused its discretion in concluding otherwise.

## Section 2 – The trial court erred in granting summary judgment in favor of Crain because genuine issues of material fact remain for trial.

Plaintiffs contend that the trial court erred in granting Crain's summary judgment motion.

> We review such rulings de novo. Pursuant to Indiana Trial Rule 56(C), a summary judgment movant must make a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. If the movant

satisfies this burden, the nonmoving party may not rest on its pleadings, but must designate specific facts demonstrating the existence of a genuine issue for trial. A "genuine issue" is one upon which the parties proffer differing accounts of the truth, or as to which conflicting inferences may be drawn from the parties' consistent accounts; a "material fact" is one that affects the outcome of the case. We must construe all evidence and resolve all doubts in favor of the non-moving party, so as to avoid improperly denying that party's day in court. Summary judgment is not a summary trial, and it is inappropriate merely because the nonmoving party appears unlikely to prevail at trial. The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. Our review of a summary judgment motion is limited to those materials designated to the trial court. An appellate court may affirm summary judgment if it is proper on any basis shown in the record.

*Bah v. Mac's Convenience Stores, LLC*, 37 N.E.3d 539, 546 (Ind. Ct. App. 2015) (citations and some quotation marks omitted), *trans. denied* (2016).

[16] While federal practice permits the moving party to merely show that the party carrying the burden of proof lacks evidence on a necessary element, we impose a more onerous burden—to affirmatively negate an opponent's claim. *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014). Only after the moving party carries its burden is the non-moving party then required to present evidence establishing the existence of a genuine issue of material fact. *Knighten v. E. Chicago Hous. Auth.*, 45 N.E.3d 788, 791 (Ind. 2015). "Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use." *Southport Little League v. Vaughan*, 734 N.E.2d 261, 269 (Ind.

Ct. App. 2000), *trans. denied* (2001). Indeed, "Indiana consciously errs on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley*, 15 N.E.3d at 1004.

[17] Plaintiffs' second amended complaint alleges numerous causes of action, including breach of contract, conversion, breach of fiduciary duty, and interference with a business relationship. For the purposes of summary judgment, Crain concedes that Plaintiffs can prove all the elements of each of their claims except for one element common to each claim: damages.[5] Crain argues that his designated evidence demonstrates that Plaintiffs have not been harmed as a result of his actions but rather, even assuming that Plaintiffs had ownership interests in BioSafe, they have "been greatly benefited by not having to have suffered the significant investment losses" that Crain has sustained. Appellee's Brief at 28. Accordingly, Crain contends that he has negated an essential element of each of Plaintiffs' claims and thus, summary judgment in his favor is warranted. We cannot agree.

---

[5] It is well settled that "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). "A prima facie case of conversion requires demonstration that the tortfeasor appropriated another's personal property for the tortfeasor's own use and benefit, in exclusion and defiance of the owner's rights, and under an inconsistent claim of title." *Campbell v. Criterion Grp.*, 621 N.E.2d 342, 346 (Ind. Ct. App. 1993). With respect to a conversion claim, damages are restricted to actual losses sustained as a proximate result of the conversion. *SJS Refractory Co. v. Empire Refractory Sales, Inc.*, 952 N.E.2d 758, 766 (Ind. Ct. App. 2011). A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary. *Farmers Elevator Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010), *trans. denied*. The elements of tortious inference with a business relationship are: (1) the existence of a valid relationship; (2) the defendant's knowledge of the existence of the relationship; (3) the defendant's intentional interference with that relationship; (4) the absence of justification; and (5) damages resulting from the defendant's wrongful interference with the relationship. *Levee v. Beeching*, 729 N.E.2d 215, 222 (Ind. Ct. App. 2000).

[18]     As the party moving for summary judgment, Crain must establish a prima facie case negating at least one of the dispositive elements of Plaintiffs' claims. *See Schmidt v. Ind. Ins. Co.*, 45 N.E.3d 781, 788 (Ind. 2015). Essentially, Crain's "no damages" argument is this: BioSafe has been an unsuccessful business financially, so Plaintiffs cannot prove that they were harmed by being deprived of their ownership interests. Specifically, Crain designated financial statements and evidence indicating that BioSafe[6] has realized net losses rather than profits since its formation and therefore, Plaintiffs cannot prove that they suffered damages as a result of Crain's breach of any contract or duty and/or Crain's interference with a business relationship or conversion of ownership rights. Crain's argument oversimplifies the issue.

[19]     Merely alleging that Plaintiffs have not produced evidence of damages is insufficient to entitle Crain to summary judgment under Indiana law. *See Jarboe v. Landmark Cmty. Newspapers of Ind., Inc.*, 644 N.E.2d 118, 123 (Ind. 1994). Our task on appeal is not to determine whether Plaintiffs have proven that they have suffered damages, we must determine whether Crain has adequately met his initial burden of proving that Plaintiffs have not suffered damages. The financial evidence designated by Crain is merely BioSafe's financial balance sheet over a seven-year period. The designated evidence does not establish that BioSafe was without value when Plaintiffs were deprived of their ownership

---

[6] In addition to financial information about BioSafe, the designated evidence also refers to Digestor, LLC, STI BioSafe, LLC, and STI Patent, LLC, which were separate entities formed after a restructuring of BioSafe at the end of 2007. Appellee's App. at 95, 98-110.

interests or that Plaintiffs were not harmed by being deprived of such interests. Again, it is Crain's burden on summary judgment to establish that BioSafe was without value, not Plaintiffs' burden to prove that BioSafe had value. Moreover, BioSafe's profitability or lack thereof since its formation is not the same as value. While BioSafe's lack of profitability would be relevant to the amount of damages suffered by Plaintiffs, the business's lack of profitability does not per se preclude damages. We conclude that Crain has not established a prima facie case negating an element of Plaintiffs' claims and thus, the burden never shifted to Plaintiffs to present evidence establishing the existence of a genuine issue of material fact. In other words, summary judgment is not appropriate.

[20] Moreover, even assuming that Crain met his initial burden of negating the damages element of Plaintiffs' claims, Plaintiffs' designated evidence in opposition to summary judgment is sufficient to create a genuine issue of material fact on the damages issue. As we discussed in section 1, Plaintiffs designated a statement by Crain regarding the value of the business in October 2007. As an owner of BioSafe, Crain presumably possessed sufficient acquaintance with the business to estimate its value. His statement that the value of the business in October 2007 was around six million dollars is "sufficient, though minimally so, to raise a factual issue to be resolved at trial, and thus to defeat the … summary judgment motion." *Hughley*, 15 N.E.3d at 1004. Any lack of details to support his statement, or whether the statement is viewed as conclusory or speculative, goes to statement's weight and credibility,

not to whether it is adequate to create a question of fact. *See Scott v. City of Seymour*, 659 N.E.2d 585, 592-93 (Ind. Ct. App. 1995). It is well accepted that a designation of evidence in opposition to summary judgment need only clear a "low bar," as we err "on the side of letting marginal cases proceed to trial on the merits." *Hughley*, 15 N.E.3d at 1004. Viewing the facts in the light most favorable to Plaintiffs, as we must, there is conflicting evidence on the material issue of whether BioSafe had any value at the time the Plaintiffs were deprived of their ownership interests and the damages incurred by the Plaintiffs as a result, making summary judgment inappropriate.[7]

[21] The trial court erred in granting summary judgment in favor of Crain. We therefore reverse the trial court's judgment and remand for further proceedings.

[22] Reversed and remanded.

Kirsch, J., and May, J., concur.

---

[7] Crain cites and relies heavily on *Rauch v. Circle Theatre*, 176 Ind. App. 130, 139-40, 374 N.E.2d 546, 553 (1978), as an example of a breach of contract action where, despite a clear breach by the defendant, the trial court concluded that the plaintiffs failed to prove that they suffered any damages as a result of the breach. *Rauch* is factually distinguishable and inapposite to the instant case. Moreover, we note that *Rauch* involved a failure of proof following a full trial on the merits, not a summary judgment.