## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 05 2019, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin L. Martin
Wabash Valley Correctional Facility
Carlisle, Indiana

ATTORNEYS FOR APPELLEES

Curtis T. Hill, Jr.
Attorney General

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kevin L. Martin,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Makenzy Gilbert, Hess (Mail Room), and Charles Dugan,<br>*Appellees-Defendants* | June 5, 2019<br><br>Court of Appeals Case No.<br>18A-CT-2095<br><br>Appeal from the Sullivan Superior Court<br><br>The Honorable Hugh R. Hunt, Judge<br><br>Trial Court Cause No.<br>77D01-1807-CT-360 |

**Crone, Judge.**

# Case Summary

Kevin Martin, an inmate at Wabash Valley Correctional Facility ("WVCF"), appeals the trial court's order dismissing with prejudice his complaint filed against certain employees and/or staff of WVCF. In his complaint, Martin inartfully alleges that WVCF staff violated his federal constitutional rights and certain administrative procedures in opening outside of his presence a letter addressed to the Indiana Supreme Court that was returned to Martin as the sender. Concluding that no federal constitutional right was implicated, and that no private state law cause of action existed, the trial court dismissed Martin's complaint with prejudice. Martin asserts that the trial court erred in doing so.[1] Concluding that Martin has waived our review of his claim, we affirm.

---

[1] In addition to dismissing the complaint, the trial court also concluded that Martin's claim was frivolous within the meaning of Indiana Code Section 35-50-6-5(a)(4). That section provides that a person may "be deprived of any part of the educational credit or good time credit the person has earned for any of the following: …. (4) If a court determines that a civil claim brought by the person in a state or an administrative court is frivolous, unreasonable, or groundless." Martin does not mention or challenge this conclusion in his brief, and therefore the issue is waived. *See Morris v. Biosafe Eng'g, Inc.*, 9 N.E.3d 195, 201 n.4 (Ind. Ct. App. 2014) (noting that grounds for error are waived unless framed in appellant's initial brief), *trans. denied*.

# Discussion and Decision

[2]     As Martin has done in other appeals filed with this Court, he has chosen to proceed pro se.[2] We again remind him that a litigant who proceeds pro se is held to the same rules of procedure that trained counsel is bound to follow. *Smith v. Donahue*, 907 N.E.2d 553, 555 (Ind. Ct. App. 2009), *trans. denied, cert. dismissed.* Pro se litigants are afforded no inherent leniency simply by virtue of being self-represented. *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). One risk a litigant takes when he proceeds pro se is that he will not know how to accomplish all the things an attorney would know how to accomplish. *Smith*, 907 N.E.2d at 555. When a party elects to represent himself, there is no reason for us to indulge any benevolent presumption on his behalf or to waive any rule for the orderly and proper conduct of the appeal. *Foley v. Mannor*, 844 N.E.2d 494, 496 n.1 (Ind. Ct. App. 2006).

[3]     Although failure to comply with the appellate rules does not necessarily result in waiver of the issues presented, it is appropriate where, as here, such noncompliance substantially impedes our review. *In re Moder*, 27 N.E.3d 1089, 1097 n.4 (Ind. Ct. App. 2015), *trans. denied*. First, Indiana Appellate Rule 43(C) states that an appellate brief "shall be produced in a neat and legible manner[.]" Much of the handwritten text in Martin's eleven-page brief is illegible. Consequently, there are many words, sentences, and citations that we are unable to decipher or understand.

_____

[2] *See Martin v. Brown*, No. 18A-CT-2940, 2019 WL 1217796 (Ind. Ct. App. Mar. 15, 2019).

[4] Significantly, Martin's appellate brief contains no statement of case or statement of facts as required by Indiana Appellate Rule 46(A)(5) and -(A)(6). Accordingly, we have been provided no explanation of "the nature of the case, the course of proceedings relevant to the issues presented for review, and the disposition of the issues by the trial court[,]" and we have been provided no "facts relevant to the issues presented for review." Ind. Appellate Rule 46(A)(5), -(A)(6). In other words, we have been given absolutely no context within which to review this appeal other than what we have gleaned from review of the original complaint filed with the trial court.

[5] Moreover, Indiana Appellate Rule 46(A)(8) requires that the contentions in an appellant's brief be supported by cogent reasoning and citations to authorities, statutes, and the appendix or parts of the record on appeal. Martin's brief is replete with bald statements and assertions unsupported by cogent argument and citations to legal authority. Specifically, he asserts that WVCF mailroom staff interfered with his constitutional rights, but he fails to cite a single case in support of his assertion that his federal constitutional rights have been implicated. Martin further baldy claims that the trial judge was unfairly biased against him and should have recused himself from the case, and although he cites some legal authority, he fails to then offer cogent argument or reasoning. The mere citation to legal authority in support of an argument is insufficient if it is not also supported by cogent reasoning.

[6] We will not search the record to find a basis for a party's argument, nor will we search the authorities cited by a party in order to find legal support for his

position. *Thomas v. State*, 965 N.E.2d 70, 77 n.2 (Ind. Ct. App. 2012). In short, this Court will "not become an advocate for a party, or address arguments that are inappropriate or too poorly developed or expressed to be understood." *Basic v. Amouri*, 58 N.E.3d 980, 984 (Ind. Ct. App. 2016). Failure to abide by our appellate rules of procedure has resulted in waiver of Martin's claims on appeal. *See, e.g., Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009). We affirm the trial court's order in all respects.

Affirmed.

Bradford, J., and Tavitas, J., concur.