

FILED

Apr 30 2018, 7:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy L. Kelley
Glaser & Ebbs
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

Aimée Rivera Cole
Travelers Staff Counsel Indiana
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pamela Webb,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>City of Carmel, Carmel Clay Parks Building Corporation, and Carmel/Clay Board of Parks & Recreation,<br><br>*Appellees-Defendants.* | April 30, 2018<br><br>Court of Appeals Case No. 29A05-1710-CT-2420<br><br>Appeal from the Hamilton Superior Court<br><br>The Honorable William J. Hughes, Judge<br>The Honorable William P. Greenaway, Magistrate<br><br>Trial Court Cause No. 29D03-1605-CT-4530 |

**Kirsch, Judge.**

[1] Pamela Webb ("Webb") appeals the trial court's grant of summary judgment in favor of City of Carmel ("Carmel"), Carmel Clay Parks Building Corporation ("the Corporation"), and Carmel/Clay Board of Parks & Recreation ("the Park Board") (collectively, "the Appellees") in her action against the Appellees for negligence. She raises the following restated issues for our review on appeal:

I. Whether the trial court abused its discretion in granting the Appellees' motion to strike portions of Webb's response in opposition to the motion for summary judgment; and

II. Whether the trial court erred in granting summary judgment in favor of the Appellees.

We affirm.

## Facts and Procedural History

This case arises from an incident that occurred on June 20, 2014 at the Monon Community Center located at 1235 Central Park Drive East, Carmel, Indiana ("the Property"). Webb alleges that as she was walking down the gymnasium bleacher steps, the bottom step of the bleachers slid causing her to fall to the floor. Webb contends that the Property is "owned, operated, managed and/or maintained by" the Appellees. *Appellant's App. Vol. II* at 169. Webb alleges that the Appellees were negligent for failure to keep the entry/exit of the bleacher steps in a reasonably safe condition, failing to warn guests of the unsafe condition of the steps, failure to exercise reasonable care in the design, operation and maintenance of the steps, failure to provide adequate lighting, and/or failure to design a safe entryway for guests. *Id*. at 169-70.

The Corporation is the sole owner of the Property. *Id*. at 81-108. The Corporation and Clay Township entered into a Sublease and Management Agreement with the Park Board granting the Park Board the exclusive right, power, and authority to access, occupy, improve, and operate the approximately 161 acres comprising Central Park in Carmel, Indiana, which

includes the Property. *Id*. at 55-61, 141. Williams and Associates, Ltd. designed the Property. *Id*. at 141. Neither the Corporation nor Carmel developed, constructed, operated, designed, or maintained the Property. *Appellees' App. Vol. II* at 92. Carmel never owned the Property. *Id*. at 181. Carmel has no knowledge of the inspection practices of the Property. *Id*. at 183. The Park Board operates as a political subdivision on its own behalf and, pursuant to Article IV, Section 4.2(i) of the Interlocal Agreement,[1] has the right to sue and be sued by or in its legal name as the "Carmel/Clay Board of Parks and Recreation" with service of process being had upon the President of the Board. *Id*. at 91, 96-126.

[5] On or about July 7, 2014, Webb served the Mayor of Carmel with a Tort Claim Notice. Carmel acknowledged receipt of Webb's Tort Claim Notice and referred the notice to their liability insurance carrier, Travelers Insurance ("Travelers"), and Travelers subsequently requested further documentation of Webb's medical records and billing statements. On May 25, 2016, almost two years after filing the Tort Claim Notice, Webb filed a Complaint for Damages

---

[1] "Generally, 'Interlocal Agreements,' also referred to as 'Interlocal Cooperation Agreements,' are formal vehicles through which municipalities or political subdivisions may eliminate barriers imposed by jurisdictional lines in order to offer public services more efficiently." *City of Carmel v. Steele*, 865 N.E.2d 612, 620 (Ind. 2007) (citing Osborne M. Reynolds, Jr., *Local Government Law* 43 (1982); *see also* Ind. Code § 36-1-7-1 to -15 (providing for Interlocal Cooperation Agreements)). The primary types of agreements are service contracts, under which "one local government provides services to another, and joint enterprise contracts, under which two or more local units jointly undertake a project." *Id*.

against Carmel and the Indiana Parks and Recreation Association.[2] On June 16, 2016, counsel for Carmel advised counsel for Webb that Carmel did not have any ownership interest in the Property. *Id*. at 187. On June 20, 2016, counsel for the City provided counsel for Webb with documents, confirming that the owner of the Property was the Corporation and the manager of the Property was the Park Board. *Id*. On September 13, 2016, Carmel served its responses to Webb's discovery, which included the same documents provided on June 20, 2016 by Carmel's counsel showing the Corporation as the owner and the Park Board as the operator of the Property and the lack of any role by the City in the development, construction, ownership, operation, design or maintenance thereof. *Id*. at 179-85, 188-94. Carmel filed a motion for summary judgment on November 4, 2016 on the basis that it did not own, manage, or control the Property. *Id*. at 6-14.

[6] On December 28, 2016, Webb filed a motion seeking leave to file an amended complaint naming the Corporation and the Park Board as defendants ("the Amended Complaint"). Along with the motion seeking leave to file the Amended Complaint, Webb filed a proposed summons for both the Corporation and for the Park Board. The trial court made a notation on the summonses that service was to be done by the attorney. *Id*. at 25-28. Webb's motion was granted on December 29, 2016. The Amended Complaint was

---

[2] Indiana Park & Recreation Association was later dismissed from the action through a "Stipulation of Dismissal" filed by the parties on March 28, 2017. *Appellees' App. Vol. II* at 35.

filed December 30, 2016. The Park Board was not served with the summons or the Amended Complaint, nor was it served with a Notice of Tort Claim. *Id*. at 92. The Corporation was not served with the summons or the Amended Complaint. *Id*. at 195. On January 10, 2017, the trial court ordered that Carmel's motion for summary judgment was rendered moot by the filing of the Amended Complaint. On June 6, 2017, the Appellees filed a motion for summary judgment on the basis that the complaint against the Corporation and the Park Board was not filed within the statute of limitation and on the basis that Carmel was not the owner or operator of the Property, and Webb later filed her response in opposition to the summary judgment motion and designated evidence. *Id*. at 36-53, 196-212. The Appellees filed their reply to Webb's response as well as a motion to strike various purported representations of fact contained in Webb's response in opposition to the Appellees' motion for summary judgment. A hearing was held on the Appellees' motion for summary judgment and the motion to strike, and on September 25, 2017, the trial court entered an order granting the Appellees' motion to strike and motion for summary judgment. *Appellant's App. Vol. II* at 12-18. Webb now appeals.

## Discussion and Decision

### I. Motion to Strike

[7] Webb initially contends that the trial court abused its discretion in granting the Appellees' motion to strike several statements contained in her response in

opposition to the Appellees' motion for summary judgment.[3] A trial court has broad discretion in ruling on the admissibility of evidence. *Morris v. Crain*, 71 N.E.3d 871, 877 (Ind. Ct. App. 2017). Such discretion extends to rulings on motions to strike affidavits on the grounds that they fail to comply with the summary judgment rules. *Id.* "We will determine that a trial court has abused its discretion when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Id.*[4]

[8] Affidavits in support of or in opposition to a motion for summary judgment are governed by Indiana Trial Rule 56(E), which provides, in relevant part:

---

[3] The Appellees assert that the trial court's order granting their motion to strike and motion for summary judgment should be affirmed on the basis that Webb failed to include necessary documents in her Appellant's Appendix. The Appellees note that Webb's appendix does not contain the Appellees' motion for summary judgment and designated evidence in support of the motion, nor does it contain Webb's response in opposition to the summary judgment motion, which all are documents necessary in determining the issues raised on appeal. The purpose of the appendix in civil appeals is to provide us "only those parts of the record on appeal that are necessary for the Court to decide the issues presented." Ind. Appellate Rule 50(A)(1). The appellant's appendix shall contain . . . copies of the following documents . . . (f) pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." App. R. 50(A)(2)(f). Therefore, "when appealing the grant or denial of a motion for summary judgment, it is not sufficient for the appellant to include in the appendix only those documents designated by it to the trial court." *Kelly v. Levandoski*, 825 N.E.2d 850, 856 (Ind. Ct. App. 2005) (quotation omitted), *trans. denied*. Rather, appellants should include in their appellant's appendix all documents relating to the disposition of the motion for summary judgment, including any documents that the appellee designated. *Id.* Although an appellant's claim may be deemed waived on appeal for failure to include documents designated to the trial court in its appendix, we prefer to decide issues on their merits when possible. *Id.* (citing *Hughes v. King*, 808 N.E.2d 146, 148 (Ind. Ct. App. 2004) (dismissing appeal of grant of summary judgment when appellant failed to include all designated evidence in the appendix)). Despite Webb's failure to provide the Appellees' motion for summary judgment and the designated evidence supporting the motion and her own response in opposition to the summary judgment motion, the Appellees provided the documents in their Appellees' Appendix. Accordingly, we may decide the issue on the merits.

[4] Webb argues for the first time on appeal that the Appellees' motion to strike was not permissible under the Indiana Trial Rules. Issues that are not raised before the trial court on summary judgment cannot be argued for the first time on appeal and are therefore waived. *Hrezo v. City of* Lawrenceburg, 81 N.E.3d 1146, 1156-57 (Ind. Ct. App. 2017). Webb has, therefore, waived this issue because she is raising it for the first time on appeal.

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The requirements of Trial Rule 56(E) are mandatory; hence, a court considering a motion for summary judgment should disregard inadmissible information contained in supporting or opposing affidavits. *Reed v. City of Evansville*, 956 N.E.2d 684, 695-96 (Ind. Ct. App. 2011), *trans. denied*. Further, the party offering the affidavit into evidence bears the burden of establishing its admissibility. *Id*. at 696. A party may not rest on the mere allegations of his or her pleadings. T.R. 56(E). Unsupported factual assertions or bare factual allegations should be excluded from consideration.

[9] In their motion to strike, the Appellees sought to have six statements stricken from Webb's response in opposition to the Appellees' motion for summary judgment, and the trial court granted the motion to strike as to all six statements.

[10] First, the Appellees moved to strike the following statements: (1)"The City of Carmel approved and acknowledged receipt of Ms. Webb's Tort Claim Notice and referred the notice to their liability insurance carrier, Travelers, to handle Ms. Webb's personal injury claim and requested further documentation of Ms. Webb's medical records and billing statements"; and (2) "It is undisputed that the City of Carmel approved and acknowledged receipt of Plaintiff's Tort Claim Notice." *Appellant's App. Vol. II* at 184-185. The trial court granted the motion in part by striking the word "approved" from each sentence reasoning that no

properly designated evidence supported the assertion that Carmel "approved" Webb's Tort Claim Notice. *Id*. at 13. Indiana Code section 34-13-3-11 provides that a claim is denied if the governmental entity fails to approve the claim in its entirety within ninety days, unless the parties have reached a settlement before the expiration of that period. Webb argues that the repeated requests by Travelers for her medical records and billing statements "suggests" that Carmel approved her claim and requested the documents to assess damages in preparation for settlement negotiations. *Appellant's Br*. at 19. This argument acknowledges that settlement discussions had not even begun. While Webb relies upon the Tort Claim Notice, the certified mail return receipt of the Tort Claim Notice, and correspondence related to the routine request by Travelers for Webb's medical records and itemized billing statements, *id*. at 19, those documents merely reflect a request for information and in no way support her argument that her Tort Claim Notice was approved by anyone. *Appellant's App. Vol. II* at 155-57. On the contrary, by operation of law pursuant to Indiana Code section 34-13-3-11, the Tort Claim Notice was deemed denied when Carmel failed to approve the claim in its entirety within ninety days and no settlement was reached. The trial court did not abuse its discretion in striking this portion of the statements as no evidence was presented to support it.

[11]   Second, the trial court granted the Appellees' motion to strike the following statements: (1) "The Interlocal Cooperation Agreement verified that on June 20, 2014, Defendant City of Carmel owned, operated, managed, and/or maintained the Monon Community Center pursuant to the Interlocal

Cooperation Agreement"; and (2) "It is undisputed that Defendant City of Carmel through the Interlocal Cooperation Agreement operated, managed and maintained the Monon Community Center located at 1235 Central Park Drive East, Carmel, IN as a recreation, fitness and nature center for the City of Carmel." *Id*. at 13-14. In her challenge to the trial court's striking of these statements, Webb relies solely on her original complaint and on the Amended Complaint as support for those statements. *Appellant's Br*. at 20. However, Webb had the burden to present sufficient evidence to demonstrate that a genuine issue of fact existed, and the factual allegations in her complaints were insufficient to meet this burden. *See Abbott v. Bates*, 670 N.E.2d 916, 923 (Ind. Ct. App. 1996) (stating that when the moving party files materials establishing the lack of any issues of material fact, the nonmovant may not rely upon his pleadings, but must bring forth specific facts, by affidavit or otherwise, to show a genuine issue for trial). Webb also asserts for the first time on appeal that the Interlocal Agreement fails to reference, mention, or identify the Property. Therefore, this argument is waived since it is being raised for the first time on appeal. *Hrezo v. City of Lawrenceburg*, 81 N.E.3d 1146, 1156-57 (Ind. Ct. App. 2017). Additionally, this argument directly contradicts the very statements Webb challenges as being improperly stricken by the trial court. Webb urges that the Interlocal Agreement fails to reference, mention, or identify the Property, so it cannot logically follow that the Interlocal Agreement also verified that Carmel owned, operated, managed, and/or maintained the Property. Therefore, the trial court correctly determined that these statements

were not supported by any properly designated evidence, and it did not abuse its discretion when it struck them.

[12] Third, the trial court granted the Appellees' motion to strike the following statement, "It was not until November 4, 2016 when Defendant City of Carmel filed a Motion for Summary Judgment arguing and identifying additional parties who may be necessary for proper adjudication of Plaintiff's claims." *Appellant's App. Vol. II* at 15-16. In doing so, the trial court held that this statement was contradicted by evidence that was already before the trial court, reasoning that the Appellees' designated evidence showed: (1) on May 25, 2016, Webb filed a complaint against Carmel, and on June 16, 2016, counsel for Carmel advised Webb that Carmel did not have any ownership interest in the Property; (2) on June 20, 2016, Carmel's counsel provided Webb with documents to confirm the owner and manager of the Property; (3) on September 13, 2016, Carmel served its responses to Webb's discovery, which included the same source documents provided on June 20, 2016. *Id*. In challenging the striking of this statement, Webb makes no argument or cites to any facts to support her contention that it was not until November 4, 2016 when she learned of the additional parties necessary for the adjudication of her claims. Instead, she again cites only to the Amended Complaint, in which she alleges that Carmel owns the Property. The nonmovant may not rest upon the allegations or denials of her pleadings, but must respond with affidavits or other evidence setting forth specific facts showing there is a genuine issue in dispute. *Abbott*, 670 N.E.2d at 923. Thus, Webb failed to present any evidence beyond

her complaint and fails to offer any argument to support her claim that she did not learn of the parties necessary for proper adjudication until November 4, 2016, when, in fact, the evidence clearly showed that she was made aware of this information as early as June 16, 2016. The trial court properly granted the motion to strike.

[13] Fourth, the trial court granted the Appellees' motion to strike Webb's statement "All remaining Defendants have the same insurance carrier, Travelers," holding that this assertion was not supported by any properly designated evidence before the trial court. *Appellant's App. Vol. II* at 16. Webb contends that it "is disingenuous, misleading and a misrepresentation for defense counsel to even suggest that all remaining defendants do not have the same insurance carrier" because all of the defendants are represented by an attorney from Travelers Staff Counsel Indiana. *Appellant's Br*. At 22. There is nothing in the record to support Webb's claim that parties represented by the same attorney must therefore also be represented by the same insurance carrier. Therefore, the trial court did not abuse its discretion when it granted the Appellees' motion to strike.

[14] Fifth, the trial court granted Appellees' Motion to Strike the statement "Defendants['] Interlocal Agreement is a private agreement between the Defendants. The public, including Plaintiff, were not privy to any of the relationships and/or agreements between the Defendants and thereby not privy to any other potential liable/responsible parties until after litigation commenced despite the City of Carmel having received, approved and acknowledged

Plaintiff's Tort Claim Notice on or about July 7, 2014." *Appellant's App. Vol. II* at 16-17. In granting the motion to strike, the trial court held that the Interlocal Agreement is a public record and was filed with the Hamilton County Recorder on July 31, 2002. *Id.* Webb argues that this finding was not sufficient grounds to strike the statement. *Appellant's Br.* at 23. However, the stamp on the first page of the Interlocal Agreement is proof that it was filed for record on July 31, 2002. *Appellant's App. Vol. II* at 31. Furthermore, the Interlocal Agreement was provided by Carmel to Webb within the statute of limitations and more than six months prior to the filing of the Amended Complaint. *Id.* at 187; *Appellees' App. Vol. II* at 187. The trial court did not abuse its discretion in granting the motion to strike as to these statements.

[15] Lastly, the trial court granted the Appellees' motion to strike the statement, "Defendant's motion fails to designate any affidavits or other admissible evidence in support of the argument that the City of Carmel did not own, operate, manage and/or maintain the Monon Community Center on June 20, 2014." *Appellant's App. Vol. II* at 6-7. In doing so, the trial court noted that the Appellees provided the following evidence of ownership and management of the Monon Community Center: (1) Certified Lease Agreement and Option to Purchase between Clay Township and the Corporation; (2) the affidavit of Mark Westermeier, who oversaw the operations of the Carmel Clay Department of Parks and Recreation on behalf of the Park Board; (3) the Interlocal Agreement between Carmel and the Township; (4) Sublease and Management Agreement between the Township, the Corporation, and the Park

Board; (5) Carmel's verified responses to Webb's interrogatories; and (6) Carmel's responses to Webb's Request for Production. *Id*. at 17-18. Webb argues that the trial court erred in striking this statement but does not offer any factual or legal citation for her argument and, instead, solely relies on her complaint and the Amended Complaint which is not sufficient to defeat a motion for summary judgment. *Abbott*, 670 N.E.2d at 923. We, therefore, conclude that the trial court properly struck this statement and did not abuse its discretion in granting the Appellees' motion to strike.

## II. Summary Judgment

[16] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in the shoes of the trial court and apply a de novo standard of review. *Id*. (citing *Cox v. N. Ind. Pub. Serv. Co.*, 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM*, 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-

moving party. *Id*. Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id*. (citing *Troxel Equip. Co. v. Limberlost Bancshares*, 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

[17] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied*. Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id*. We will affirm upon any theory or basis supported by the designated materials. *Id*. When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id*.

### A. The Corporation and the Park Board

[18] Webb argues that the trial court erred when it found that her claims against the Corporation and the Park Board were not timely filed, and it granted summary judgment in favor of the two parties on that basis. Initially, she asserts the issue of whether the Amended Complaint related back is moot because the trial court granted her motion for leave to amend her complaint on December 30, 2016, presumably considering her contentions supporting the filing of the Amended Complaint, and the Appellees did not object at that time. Webb also contends

that the Amended Complaint, which named the Corporation and the Park Board as defendants, was timely filed and related back to the date the original complaint was filed pursuant to Indiana Trial Rule 15. Webb maintains that she met all of the requirements of Trial Rule 15(C) because the Amended Complaint alleged identical contentions as the original complaint and merely added parties identified by Carmel as being necessary parties. Webb further claims that her Tort Claim Notice served on Carmel on July 7, 2014 sufficiently put the Corporation and the Park Board on notice of her claims because, after being served with the Tort Claim Notice, Carmel referred it to Travelers and, later, after the Amended Complaint was filed, the same Travelers attorney who already represented Carmel entered an appearance on January 17, 2017 to represent the Corporation and the Park Board. Webb also asserts that her mistake in believing that Carmel owned and operated the Property was reasonable and the Corporation and the Park Board knew or should have known that, but for a mistake in the identity of all proper parties, they would have been named in the original complaint.

[19] The Amended Complaint alleged that the incident in which Webb was injured occurred on June 20, 2014. *Appellant's App. Vol. II* at 169. In Indiana, a claim for personal injury must be commenced within two years after the cause of action accrues. Ind. Code § 34-11-2-4. Therefore, the statute of limitations expired on June 20, 2016. "The onus of bringing suit against the proper party within the statute of limitation is upon the claimant." *Brown v. Vanderburgh*

*Cnty. Sheriff's Dep't*, 85 N.E.3d 866, 869 (Ind. Ct. App. 2017) (citing *Rieth–Riley Constr. Co. v. Gibson,* 923 N.E.2d 472, 478 (Ind. Ct. App. 2010)).

[20]     Webb does not dispute that the Amended Complaint was filed after the statute of limitations expired as to her initial claim. Rather, she argues that the Amended Complaint relates back pursuant to Trial Rule 15(C). Generally, a new defendant to a claim must be added prior to the running of the statute of limitations; however, Trial Rule 15(C) provides an exception to that rule by allowing the amendment to relate back to the date of the original complaint under certain circumstances. *Raisor v. Jimmie's Raceway Pub, Inc.*, 946 N.E.2d 72, 76 (Ind. Ct. App. 2011). Under Trial Rule 15(C):

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within one hundred and twenty (120) days of commencement of the action, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and
>
> (2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Ind. Trial Rule 15(C). Therefore, in order for an amended complaint changing the party against whom the claim is brought to relate back it must meet the following requirements: (1) the claim in the amended complaint must have arisen out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint; (2) within 120 days after the commencement of the action, the party to be brought into the action must have received notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits; and (3) within 120 days after commencement of the action, the party knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the party to be brought in by the amendment. "The party who seeks the benefit of the relation back doctrine bears the burden of proving that the conditions of Trial Rule 15(C) are met." *Raisor*, 946 N.E.2d at 76.

[21] Initially, Webb contends that the trial court erred in granting summary judgment as to the Corporation and the Park Board because the Amended Complaint related back based on the language of the order granting her leave to amend her complaint, and the Corporation's and the Park Board's arguments for summary judgment were untimely. However, at the time of the December 30, 2016 order granting Webb leave to amend her complaint, only Carmel was a party to the action, and Carmel did not base its argument for summary judgment on the Amended Complaint being untimely filed as to it. On December 30, 2016, when the order was entered, neither the Corporation nor the Park Board were parties to this action, and pursuant to Indiana Trial Rule 4,

the trial court did not have jurisdiction over them because they had not yet been served with a summons or complaint and had not yet entered an appearance.[5] Webb's argument that the Amended Complaint related back based on the December 30 order fails, and the Corporation's and Park Board's motion for summary judgment were not untimely.

[22] The Corporation and the Park Board do not dispute that the claims asserted by Webb in the Amended Complaint arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint. However, the Corporation and the Park Board assert that Webb has failed to satisfy the additional conditions of the rule governing relation back of amendments. That is, Webb failed to prove that, within 120 days after the original complaint was filed, the Corporation and the Park Board were on notice of the institution of the action against Carmel and that they knew or should have known that but for a mistake concerning the identity of the proper party, the action should have been brought against them.

[23] Here, the 120-day period from the date of the original complaint extended to September 22, 2016. Prior to that date, there was no evidence to suggest that the Corporation and the Park Board had any notice, actual or constructive, of Webb's legal action filed against Carmel. Although Trial Rule 15(C) does not

[5] Trial Rule 4(A) provides: "The court acquires jurisdiction over a party or person who under these rules commences or joins in the action, is served with summons or enters an appearance, or who is subjected to the power of the court under any other law."

require service of process on the new defendant, "notice of the pending of the claim must be such that the added party received either actual or constructive notice of the legal action." *Porter Cnty. Sheriff Dep't v. Guzorek*, 857 N.E.2d 363, 368 (Ind. 2006). The defendant to be added must have received notice of the institution of the action that the defendant will not be prejudiced in maintaining a defense on the merits. *Id*. It is not sufficient that the party is on notice that an injury has occurred or that the plaintiff has retained counsel. *Id*. at 368-69. Here, there was no evidence that the Corporation and the Park Board received any actual or constructive notice of Webb's original complaint against Carmel within the 120-day time period.

[24]   Moreover, there was no showing of a basis to impute knowledge of the filing of Webb's original complaint to the Corporation and the Park Board. "Notice of the lawsuit may be actual notice or constructive notice, which may be inferred based on either the identity of interest between the old and new parties or the fact that they share attorneys." *Id*. at 369. "An identity of interest may permit notice to be imputed to the added party when the original and added party are so closely related in business or other activities that it is fair to presume that the added part[y] learned of the institution of the action shortly after it was commenced." *Id*. (citation and quotation marks omitted). No evidence was presented to show that Carmel and the Corporation and the Park Board were so closely related in business or other activities that it would be fair to presume that the Corporation and the Park Board learned of the action against Carmel in the 120-day time period.

[25]     Notice may also be imputed based on shared legal counsel if it is reasonable to infer that the attorney for the initial party will have communicated to the added party that it may be joined in the action. *Id*. Webb argues that the Corporation and the Park Board received sufficient notice of the institution of the action against Carmel because they shared counsel with Carmel, and therefore, notice may be imputed because it is reasonable to infer that Carmel's attorney would have communicated to the Corporation and the Park Board that they may be joined in Webb's action against Carmel. However, there was no designated evidence presented that supported Webb's contention that parties shared legal counsel prior to the end of the 120-day period. The evidence most favorable to Webb reveals that counsel for Carmel entered an appearance on June 13, 2016. Webb designated evidence that an appearance was filed on behalf of the Corporation and the Park Board on January 17, 2017 by the same attorney representing Carmel. Although this evidence indicates that the parties were represented by the same attorney on January 17, 2017, it does not establish that they shared the same counsel at any time prior, specifically during the 120-day period after the original complaint was filed. No evidence was presented that the parties shared counsel prior to the filing of the Amended Complaint or during the 120-day period such that the Corporation and the Park Board can be said to have received such notice of the institution of the action against Carmel that the added parties will not be prejudiced in maintaining a defense on the merits. Therefore, there was no basis to impute knowledge of the filing of Webb's original complaint to the Corporation and the Park Board.

[26] Because Webb has failed to show that the Corporation and the Park Board had notice of her lawsuit prior to the expiration of the 120-day period, we need not reach the question of whether the Corporation and the Park Board "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." Ind. Trial Rule 15(C)(2); *Brown*, 95 N.E.2d at 871. Pursuant to the requirements of Indiana Trial Rule 15(C), Webb's Amended Complaint did not relate back to the date of the original complaint. We, therefore, conclude that the trial court did not err in granting summary judgment in favor of the Corporation and the Park Board.[6]

### B. Carmel

[27] Webb contends that the trial court erred in granting summary judgment in favor of Carmel based on the trial court's finding that Carmel had no ownership interest in the Property. She asserts that Carmel failed to designate any evidence in support of its contention that it did not own or manage the

---

[6] Although Webb maintains that the Corporation and the Park Board had notice of the action against Carmel such that the Amended Complaint should relate back to the date of the original complaint, evidence was presented that Carmel actually provided notice to Webb prior to the statute of limitations running that Carmel did not own, maintain, or manage the Property in an email dated June 17, 2016. *See Appellees' App. Vol. II* at 187. On June 20, 2016, counsel for Carmel advised Webb's counsel of the identity of the parties who owned and managed the Property and provided the supporting documentation. *Id*. Carmel served discovery responses to Webb on September 13, 2017, which again provided documentation of the ownership and operation of the Property, the very same documents previously provided on June 20. *Id*. 179-86, 188-94. Additionally, Carmel filed its first motion for summary judgment in November 2016 on the basis that the Property was owned and/or operated by either the Park Board or the Corporation, but not Carmel. *Id*. at 6-14. Despite these repeated notices of the proper parties to the action, Webb did not file the Amended Complaint until December 30, 2016, 193 days after the statute of limitations had run.

Property. Webb further argues that the trial court failed to consider her designated materials.

[28] Under Indiana's summary judgment procedure, the party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists. *Lacy-McKinney v. Taylor Bean & Whitaker Mortg. Corp.*, 937 N.E.2d 853, 865-66 (Ind. Ct. App. 2010) (citing *Jarboe v. Landmark Cmty. Newspapers*, 644 N.E.2d 118, 123 (Ind. 1994)). Only after the moving party has met this burden with a prima facie showing that no genuine issue of material fact exists does the burden then shift to the non-moving party to establish that a genuine issue of material fact does in fact exist. *Id.* at 866.

[29] Here, Carmel had the burden to affirmatively negate Webb's claim that it owned and operated the Property. Carmel designated the following evidence to the trial court in support of its motion for summary judgment: the Interlocal Agreement; the Certified Lease Agreement and Option to Purchase between Clay Township and the Corporation; the affidavit of Mark Westermeier; a Certified Copy of Interlocal Agreement between Carmel and Clay Township; the Sublease and Management Agreement between Clay Township, the Corporation, and the Park Board; Carmel's Verified Responses to Webb's Interrogatories; and Carmel's responses to Webb's Request for Production. *Appellees' App. Vol. II* at 36-37. This evidence established that: the Corporation is the sole owner of the Property, *Id.* at 59-89, 179; the Corporation and Clay Township entered into a Sublease and Management Agreement with the Park Board granting the Park Board the exclusive right, power, and authority to

access, occupy, improve and operate the approximately 161 acres comprising Central Park in Carmel, Indiana, which includes the Property, *Id*. at 90-93, 127-78; Williams and Associates, Ltd. designed the Property, *Id*. at 90-93; neither the Corporation nor Carmel developed, constructed, operated, designed or maintained the Property, *Id*. at 90-93; Carmel never owned the Property, *Id*. at 181; Carmel has no knowledge of the inspection practices of the Property, *Id*. at 183. Therefore, Carmel designated evidence to make a prima facie showing that it was not the owner or operator of the Property. The burden then shifted to Webb to designate evidence establishing a genuine issue of fact that Carmel owned or operated the Property, which she failed to do. We conclude that the trial court properly granted summary judgment in favor of Carmel.

[30] Affirmed.

[31] Baker, J., and Bradford, J., concur.