

FILED

Nov 08 2018, 7:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

David W. Stone IV
Stone Law Office & Legal Research
Anderson, Indiana

Loren K. Allison
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Ann M. Trzynka
Andrew P. Simmons
Van Gilder & Trzynka, P.C.
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephan M. Poiry,

*Appellant-Plaintiff,*

v.

City of New Haven, Indiana,

*Appellee-Defendant.*

November 8, 2018

Court of Appeals Case No.
18A-MI-1066

Appeal from the
Allen Superior Court

The Honorable
Craig J. Bobay, Judge

Trial Court Cause No.
02D02-1711-MI-1046

**Kirsch, Judge.**

[1] Stephan M. Poiry ("Poiry") appeals the trial court's order granting summary judgment in favor of the City of New Haven, Indiana ("the City") and the denial of his motion to correct error. Poiry raises the following issue for our review: whether the trial court erred when it granted summary judgment to the City and denied his motion to correct error because Poiry failed to file a bond

simultaneously with his verified petition for judicial review of the City of New Haven Police Department's Merit Board decision.

[2] We reverse and remand with instructions.

## Facts and Procedural History

[3] Poiry was and currently is a police officer employed with the City of New Haven Police Department. On August 7, 2017, the Chief of Police for the City filed disciplinary charges against Poiry. *Appellant's App. Vol. II* at 35-36. On September 26, 2017, the New Haven Police Department Merit Board ("the Board") conducted a hearing on the disciplinary charges. The parties attended the hearing with their attorneys, testimony was heard, and exhibits introduced. On September 28, 2017, the Board issued its ruling, in which it found that the disciplinary charges had been proven and that Poiry should be demoted in rank. *Id*. at 44-46. Poiry filed an appeal with the Board on September 28, 2017, which the Board denied on October 27, 2017. *Id*. at 55.

[4] On November 16, 2017, Poiry filed a complaint against the City seeking judicial review of the Board's decision. Poiry did not post a bond at the time he filed his complaint. Poiry knew that the statute for appeals from municipal merit boards applied and was "fully aware that a bond was required as part of [the] filing for this judicial review." *Id*. at. 110, 145. At the time that the complaint was filed, Poiry inquired with employees of the Allen County Clerk's Office ("Clerk's Office") about posting a bond and was told that the Clerk's Office would not accept a bond without a judge setting the amount. *Id*. at 110, 146.

[5] After Poiry filed his complaint, he did not file anything with the trial court to attempt to set a bond amount. On January 11, 2018, Poiry filed a motion for summary judgment against the City, alleging that the City failed to file a transcript pursuant to Indiana Code section 36-8-3.5-18(b)(5). On January 29, 2018, the City filed a motion to dismiss based on Poiry's failure to post a bond pursuant to Indiana Code section 36-8-3.5-18(b)(4). A case management conference was held on the same day, and after the conference, Poiry went to the Clerk's Office, where he spoke to a deputy clerk about posting a bond and was told the court had to determine the bond amount. *Id*. at 115. The deputy clerk then allowed Poiry to post whatever amount Poiry "wished," and Poiry paid the sum of $100. *Id*. at 116-17.

[6] On March 8, 2018, the trial court heard oral arguments on both motions filed by the parties. Because matters outside the pleadings were presented in the City's motion to dismiss, the trial court treated the motion as a motion for summary judgment. *Id*. at 11. On April 5, 2018, the trial court issued its order granting summary judgment in favor of the City. *Id*. at 8-16. Poiry filed a motion to correct error on April 20, 2018. The trial court denied Poiry's motion on May 23, 2018. Poiry now appeals.

## Discussion and Decision

[7] Poiry is appealing after a denial of a motion to correct error. Generally, a trial court's ruling on a motion to correct error is reviewed for an abuse of discretion. *Ind. Bureau of Motor Vehicles v. Watson*, 70 N.E.3d 380, 384 (Ind. Ct. App. 2017).

An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.* However, where the issues raised in the motion are questions of law, the standard of review is de novo. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*. Here, Poiry's motion to correct error raised questions regarding the trial court's interpretation of a statute. Because the interpretation of a statute presents questions of law, our standard of review is de novo. *Watson*, 70 N.E.3d at 384.

[8]     Poiry's motion to correct error alleged that the trial court had erred when it granted summary judgment in favor of the City. When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *Webb v. City of Carmel*, 101 N.E.3d 850, 860 (Ind. Ct. App. 2018) (citing *FLM, LLC v. Cincinnati Ins. Co.*, 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012), *trans. denied*). We stand in the shoes of the trial court and apply a de novo standard of review. *Id.* Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied*. Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). We view the pleadings and designated materials in the light most favorable to the non-moving party. *Webb*, 101 N.E.3d at 860. Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *FLM*, 973 N.E.2d at 1173). The

initial burden is on the moving party to demonstrate the absence of any genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[9] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Henderson v. Reid Hosp. and Healthcare Servs.*, 17 N.E.3d 311, 315 (Ind. Ct. App. 2014), *trans. denied*. We will affirm upon any theory or basis supported by the designated materials. *Id*. When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id*.

[10] Where, as here, the interpretation of a statute is at issue, such statutory interpretation presents a pure question of law for which summary judgment disposition is particularly appropriate. *Miller v. Town Bd. of Sellersburg*, 88 N.E.3d 217, 218 (Ind. Ct. App. 2017) (citing *Pike Tp. Educ. Found., Inc. v. Rubenstein*, 831 N.E.2d 1239, 1241 (Ind. Ct. App. 2005)). The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *Id*. (citing *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning Inc.*, 746 N.E.2d 941, 947 (Ind. 2001)). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that the words and phrases be taken in their plain,

ordinary, and usual sense. *Id.* at 219 (citing *Sees v. Bank One, Ind., N.A.,* 839 N.E.2d 154, 157 (Ind. 2005)).

[11] Poiry argues that the trial court erred in granting summary judgment in favor of the City and in denying his motion to correct error. He asserts that Indiana Code section 36-8-3.5-18(b)(4) is ambiguous in that it requires that a bond be filed but does not state in what amount the bond should be and how the required bond is to be determined. Because of this ambiguity, Poiry contends that he was not aware of the amount he should pay to satisfy the bond requirement when he filed his appeal of the commission's decision.

[12] In the present case, Poiry filed an appeal with the trial court after he had been disciplined by the Board. When he filed his appeal, he was not aware of the required bond amount, so he did not file a bond simultaneously with his appeal. At the time that summary judgment was entered by the trial court, a bond amount had still not been determined.

[13] When a member of a municipality's police or fire department is aggrieved by a decision of the commission to suspend the member for more than ten days, demote the member, or dismiss the member, he or she may appeal the decision to the circuit or superior court of the county where the municipality is located. Ind. Code § 36-8-3.5-18(a). When the plaintiff files his complaint, a bond must be filed, and Indiana Code section 36-8-3.5-18 states in pertinent part:

> (b) The appeal shall be made according to the Indiana rules of trial procedure with the following exceptions:

. . . .

(4) The plaintiff must file a bond at the time of filing the complaint conditioned on the plaintiff prosecuting the appeal to a final determination and paying the court costs incurred in the appeal.

Ind. Code § 36-8-3.5-18(b)(4). While subsection (b)(4) is clear that a bond must be filed when an appeal is filed, the statute is not clear or unambiguous in directing how that bond is to be determined and in what amount it is to be paid.

[14] Under Indiana Code section 34-49-1-1, which controls the fixing of bonds by judges, it states that the statutory section applies whenever "any bond . . . is required in connection with any civil action or proceeding brought in any court in Indiana" and "in the absence of any provision of law specifying the amount of the bond." Ind. Code § 34-49-1-1(a). When these conditions apply, the statute provides that "the judge of the court *shall* fix the penalty is an amount that the judge considers adequate, but not less than $100." Ind. Code § 34-49-1-1(b) (emphasis added). Here, a bond was required, pursuant to Indiana Code section 36-8-3.5-18, in connection with Poiry's appeal to the trial court, which was a civil action brought in an Indiana court, and as discussed above, Indiana Code section 36-8-3.5-18 does not contain a provision specifying the amount of bond to be filed. Therefore, in accordance with Indiana Code section 34-49-1-1(b), the judge of the trial court in which Poiry filed his appeal *shall* fix the bond in an amount the judge considers adequate, but not less than $100.

[15]     Here, the trial judge never fixed a bond amount. Because the trial court failed to fix a bond amount, Poiry was unable to pay the bond required under Indiana Code section 36-8-3.5-18 for his appeal of the Board's decision. Based on this, we conclude that the trial court erred when it granted summary judgment in favor of the City and when it denied Poiry's motion to correct error. We, therefore, reverse the trial court and remand with instructions for the trial court to set a bond amount it considers adequate and a time frame within which the bond must be posted. If Poiry does not post the bond within the time frame, the trial court may enter an order dismissing the appeal. If the bond is properly paid in the amount set by the trial court and within the time frame, the case is to continue on the merits.

[16]     Ind. Code 29-1-7-19, relating to the filing of will contests, includes language similar to the bond statute in this case. It provides that "[a]t the time of filing" a will contest, "the plaintiff in the action, or some other person on the plaintiff's behalf, shall file a bond with sufficient sureties in an amount approved by the court, conditioned for the due prosecution of the proceedings and for the payment of all costs if in the proceedings judgment is rendered against the plaintiff." This statute requires the filing of the bond at the time the will contest is filed, but it does not provide a mechanism for determining the amount of the bond that shall be filed. Instead, it requires that the amount of the bond be approved by the court.

[17]     Interpreting the statute, in *Harper v. Boyce*, 809 N.E.2d 344, 348 (Ind. Ct. App. 2004), this court explained that the filing of a bond is not a condition precedent

to the filing of a will-contest complaint, but the plaintiff must file a bond "before being permitted to proceed with the contest." In that case, the will contest was filed without a bond, and the estate filed a motion to set a bond of $2,500. The trial court granted the motion, but the will contestant failed to file the bond. The trial court dismissed the will contest, and this court affirmed.

[18] As did the court in *Harper*, we hold that the filing of a bond is not a "condition precedent" to filing of an appeal of a police disciplinary action and that failing to file a bond at the time of filing the appeal cannot be the basis for dismissal. Dismissal, however, would be appropriate if the plaintiff fails to file a bond after the amount is set by the trial court.

[19] Reversed and remanded with instructions.

Vaidik, C.J., and Riley, J., concur.