## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2020, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Maggie L. Sadler
Clark Quinn Moses Scott & Grahn, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Nikoll, <br> *Appellant-Respondent,* <br><br> v. <br><br> Miranda Nikoll, <br> *Appellee-Petitioner.* | July 27, 2020 <br><br> Court of Appeals Case No. 19A-DR-2931 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marc T. Rothenberg, Judge <br><br> The Honorable Kimberly D. Mattingly, Magistrate <br><br> Trial Court Cause No. 49D07-0907-DR-31180 |

**Bailey, Judge.**

# Case Summary

[1] Christopher Nikoll ("Father") appeals from the denial of his motion to correct error, which challenged the denial of his petition for modification of a custody, parenting time, and child support order entered contemporaneous with his divorce from Miranda Nikoll ("Mother"). Father presents the sole issue of whether the trial court abused its discretion by refusing to modify the parenting time schedule.[1] We affirm.

# Facts and Procedural History

[2] When the parties were divorced on February 19, 2013, the dissolution court adopted the parties' agreement to share legal custody of their then four-year-old son ("Child") and divide parenting time such that Father had four overnights and Mother had three overnights each week. Father was designated the custodial parent, and neither parent was ordered to pay child support.

[3] On January 28, 2019, Father filed his "Verified Petition to Modify Custody, Parenting Time, Child Support and Other Child Related Matters." (App. Vol. II, pg. 14.) Father stated that Child was enrolled in Father's residential school district of Avon, and he proposed that Child stay with him during the school week, and that Mother have parenting time on alternate weekends and during

---

[1] Mother did not file an appellee's brief. Pursuant to Indiana Rule of Appellate Procedure 45(D), "the appellee's failure to file timely the appellee's brief may result in reversal of the trial court or Administrative Agency on the appellant's showing of prima facie error."

alternate weeks of the summer school break. Father also requested that Mother be ordered to pay $33.00 weekly in child support. The trial court conducted a hearing on July 17, 2019, at which each parent testified briefly. Father also submitted into evidence marked calendars depicting his overnights with Child in 2018 and the first half of 2019, his paycheck stubs, and a child support worksheet.

[4] On September 12, 2019, the trial court denied Father's petition for modification. He filed a motion to correct error, which was summarily denied on November 13, 2019. Father now appeals.

# Discussion and Decision

[5] Generally, a trial court's ruling on a motion to correct error is reviewed for an abuse of discretion. *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[6] Here, the underlying controversy involves parenting time. Although Father discusses a standard of review applicable to a modification of child custody, the Chronological Case Summary shows that Father was designated the physical custodian of Child and the parents were to share legal custody. Father's petition included within the caption a reference to custody, but the substantive

portion contains only a prayer for "modification of parenting time" and any derivative change in child support. (App. Vol. II, pg. 15.)

[7] Indiana Code Section 31-17-4-2 provides in relevant part: "The trial court may modify an order granting or denying parenting time whenever modification would serve the best interests of the child." We will review the parenting time decision for an abuse of discretion, mindful that, in family law matters, the trial court is afforded "latitude and deference," as explained by our Indiana Supreme Court:

> Appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence." *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002) (quoting *Brickley v. Brickley*, 247 Ind. 201, 204, 210 N.E.2d 850, 852 (1965)). "On appeal it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended for by appellant before there is a basis for reversal." *Id.* "Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment."

*Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016).

[8] The existing parenting time order, pursuant to an agreement incorporated into the dissolution decree, provides that Father is to have the physical care of Child from Sunday at 6 p.m. until Thursday at 6 p.m. and Mother is to have Child in her care from Thursday at 6 p.m. until Sunday at 6 p.m. At the hearing, Father

testified that the parenting time agreement had become "pretty much hearsay" and the arrangement was "now Saturday at 3 to Wednesday at 3." (Tr. at 19.)

[9] Father asserted multiple bases for modification. He testified briefly regarding Mother's perceived parental shortcomings, specifically, that she had permitted her husband to spank Child when Child was a toddler, she did not provide separate bedrooms for Child and Child's younger half-sibling, she had not informed Father of a lapse in Child's health insurance, she attended less than all of Child's YMCA sports events, she had missed a pediatric appointment, and she had overlooked a failure by Child (an honor roll student) to turn in one particular assignment.

[10] But Father's primary assertion was that Mother had forgone her exercise of parenting time over the preceding eighteen months such that he had become a de facto full-time custodian. He sought an order formally reducing Mother's parenting time and a corresponding order for child support consistent with Mother having 96 to 100 overnights annually.

[11] Father introduced into evidence two calendars with notations of his overnights with Child in 2018 and the first six months of 2019. According to the notations, Father had consistently kept Child in his care approximately 21 nights per month (in contrast to 16 overnights ordered). He testified that both parents had requested modifications in the past, but he was "asking for more stability" and to avoid Child having to "bounce back and forth" during the school week. (*Id.* at 23.)

[12] Mother testified and was asked about Father's time notations. She did not agree that it was an "entirely accurate" record but acknowledged that Father had kept Child additional overnights. (*Id.* at 34.) According to Mother, she had accepted Father's offer to care for Child while Mother recovered from health problems and surgeries. Mother testified that she had previously been Child's primary caretaker, and present for Child when he cried to see Father and Father did not show up. However, both parents agreed that Father, a veteran, had worked hard to overcome his post-traumatic stress disorder and alcohol abuse that had affected his relationship with Child in the past. As of the hearing date, Mother's expressed wish was that the parental time "be equal" but ultimately, she "just want[ed] [Child] to be happy" with either herself or Father. (*Id.*) She agreed that stability was an appropriate consideration.

[13] Our review of the record discloses some allegations of temporary parental failings, but ultimately the evidence suggests that Child benefits from significant time in both homes. He is by all accounts well adjusted, and a straight A student who participates in extracurricular activities. He has a younger sibling in Mother's home and reportedly enjoys spending time with the children of Father's girlfriend. There is no indication that he is placed at risk in either parental home. Child attends school in Father's school district of Avon. Mother lives nearby in Plainfield, and there was no suggestion of transportation difficulty or excessive school absences. By agreement of the parties, Father had more time with Child than was court-ordered. Mother testified that this was prompted, at least in part, by her medical needs. The trial court, having had the

benefit of hearing testimony from both parents, and perhaps mindful of the adage "if it isn't broken, don't fix it," concluded that it was not in Child's best interests to modify the existing order. We find no abuse of discretion.

# Conclusion

[14] The trial court did not abuse its discretion in denying Father's motion to correct error.

[15] Affirmed.

Baker, J., and Vaidik, J., concur.